UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| JOHN KETNER,<br><br>                          Plaintiff,<br><br>     -against-<br><br>CIONI, INC. d/b/a MID-USA<br>MOTORCYCLE PARTS,<br><br>                          Defendant. |

25-cv-3499 (LAP)

OPINION AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Cioni, Inc.'s (d/b/a Mid-USA Motorcycle Parts) ("Defendant" or "Cioni") motion to dismiss Plaintiff John Ketner's ("Plaintiff") action for copyright and trademark infringement on the ground of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1391(b) and 1400(a).  (See dkt. nos. 13, 14.)  Alternatively, Defendant seeks to transfer venue to the United States District Court for the Eastern District of Missouri ("Missouri") pursuant to 28 U.S.C. § 1404.  (See dkt. no. 14, at 1.)  For the reasons set out below, Defendant's motion to transfer venue to Missouri is GRANTED.

## I.   Background

This case concerns Defendant's alleged unauthorized copy and infringement of Plaintiff's artistic designs for certain motorcycle components.  Specifically, Plaintiff avers that

1

Defendant digitally marketed products, including rearview mirrors, bearing a "flaming skull" design for which Plaintiff had a protected copyright interest.  (See dkt. no. 1, ¶¶ 10-11, 25.) Plaintiff now seeks damages and injunctive relief against Defendant and pursues seven causes of action for copyright infringement, trademark infringement, unfair competition, false designation of origin, false advertising, unjust enrichment, contributory infringement, and deceptive business practices under both federal and New York State law.  (Id. ¶¶ 35-94.)

The following allegations are drawn from the complaint.  (See dkt. no. 1.)

### A. The Parties

Plaintiff is a professional designer residing in the State of Illinois.  (Id. ¶¶ 2, 9.)  As part of his work, he designs artwork for different motorcycle parts, with a specialization in bronze sculptures.  (Id. ¶ 9.)  Plaintiff offers and provides his services to consumers around the globe, including the United States, Japan, Sweden, France, Romania, and Ukraine.  (Id.)  Plaintiff maintains certificates of registration for several of his original designs, including two certificates for flaming skull artwork.  (See id. ¶¶ 12-14.)

Defendant is an online retailer incorporated in the State of Missouri.  (Id. ¶ 3.)  Defendant owns and maintains a public website called "Mid-USA Motorcycle Parts" (available at "www.mid-

2

usa.com"), which advertises various motorcycle parts for sale around the world through its authorized dealers, including within New York State. (Id. ¶ 6.)

**B. The Alleged Infringing Conduct & Instant Suit**

As the complaint alleges, in 2024, Plaintiff discovered that Defendant had been copying and displaying Plaintiff's flaming skull designs on Defendant's website without Plaintiff's authorization. (See id. ¶¶ 25-26.) Specifically, Defendant had advertised for sale several motorcycle components, including rearview mirrors, bearing Plaintiff's protected marks. (Id.) Plaintiff thereafter sent a cease-and-desist letter to Defendant demanding that Defendant stop all uses of Plaintiff's flaming skull designs, to which Defendant refused. (See id. ¶ 29.) Plaintiff alleges that Defendant's actions inflicted and continue to inflict irreparable harm to the goodwill associated with Plaintiff and his artwork. (See id. ¶ 31.) Plaintiff further claims that Defendant's actions fomented confusion and deception among the general public's viewing of Plaintiff's artwork. (See id. ¶ 32.)

In April 2025, Plaintiff initiated the instant suit against Defendant. (See id. at 16.)

In July 2025, Defendant filed a motion to dismiss the complaint for improper venue, or in the alternative, transfer to Missouri. (See dkt. no. 14, at 1-2.) Specifically, Defendant argues that none of the alleged infringing conduct occurred in New

3

York and that all the relevant witnesses, documents, and sales activities are in or around St. Louis, Missouri. (See id.) Plaintiff opposed Defendant's motion contending that venue is properly in this district given that Defendant's products (including those bearing Plaintiff's protected marks) were marketed and accessible in New York via Defendant's website. (See dkt. no. 17, at 6-7.) Defendant replied, arguing that venue remained improper given that Plaintiff had not alleged that Defendant had in fact sold any infringing products in New York in the past ten years. (See dkt. no. 19, at 4-5.)

## II. Legal Standard

A district court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). As the Court of Appeals has explained, this Court has "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are decided on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

In deciding a motion to transfer venue, this Court first inquires "whether the action could have been brought in the transferee district, and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." Robertson v. Cartinhour, 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011).

4

Second, in assessing whether transfer is appropriate, the Court weighs several factors, including:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."

D.H. Blair & Co., 462 F.3d at 106–07 (citation omitted).  In addition, "[c]ourts in this district have also considered (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice."  Guardian Life Ins. Co. of Am. v. Coe, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024) (quotation marks and citation omitted).  Lastly, "[i]n deciding a motion to transfer, a court may consider material outside of the pleadings."  Idle Media, Inc. v. Create Music Grp., Inc., 2024 WL 5009713, at *1 (S.D.N.Y. Dec. 6, 2024) (quotation marks and citation omitted).

The Court finds that transfer to Missouri is appropriate.

**A. Whether the Action Could Have Been Brought in Missouri**

"[A]n action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court."  Guardian Life Ins. Co. of Am., 724 F. Supp. 3d at 213 (cleaned up).  The Court finds that all three requirements are met.

5

There is personal jurisdiction in Missouri because Cioni is a "Missouri corporation," (dkt. no. 1 (Compl.) ¶ 3), with an address located in that district, (dkt. no. 15 (Decl.) ¶¶ 4, 6), and regardless, by nature of this motion to transfer venue, (dkt. no. 14 (MTD) at 6-12), Cioni has consented to this suit there. See Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 137-38 (2023) ("general jurisdiction allows all kinds of suits against a corporation, but only in States where the corporation is incorporated or has its principal place of business" and alternatively, "an out-of-state corporation that has consented to in-state suits in order to do business in the forum is susceptible to suit there" (quotation marks and citations omitted)).

Similarly, venue is proper in Missouri because Cioni resides there and is subject to personal jurisdiction there. See 28 U.S.C. § 1391(b)(1).

Lastly, the Eastern district of Missouri has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 because Plaintiff asserts federal causes of action, "because diversity exists between the parties and the amount in controversy exceeds $75,000," and because Plaintiff's state law claims arise out of those federal claims. (Dkt. no. 1 ¶ 4.)

**B. Whether the "Public" and "Private" Factors Favor Transfer to Missouri**

**1. Plaintiff's Choice of Forum**

"A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of the factors is strongly in favor of the defendant." Guardian Life Ins. Co. of Am., 724 F. Supp. at 214 (quotation marks and citation omitted).  However, "[w]here the plaintiff has chosen a forum that is neither the district of its residence, nor the locus of the operative facts in the case, this choice is given considerably less weight." Starr Indem. & Liab. Co. v. Brightstar Corp., 324 F. Supp. 3d 421, 433 (S.D.N.Y. 2018) (quotation marks and citation omitted).

Here, Plaintiff does not reside in New York.  (Dkt. no. 1 ¶ 2.)  In addition, the Court finds that the locus of the operative facts did not occur in this district.  Although Plaintiff alleges that Cioni's website is accessible to consumers in this district, (dkt. no. 1 ¶ 6), Plaintiff also alleges that Cioni conducts business "nationwide." (Dkt. no. 1 ¶ 3.)  Indeed, Cioni has not sold a single unit of the relevant products in this district within the past ten years.  (Dkt. no. 15 ¶ 18.)  To the contrary, the Court finds that the locus of operative facts occurred in Missouri, as that is Cioni's only office location and where it made its business decisions relevant to the complaint.  (See dkt. no. 15

7

¶¶ 10, 12.)   Accordingly, the Court gives Plaintiff's choice of forum "considerably less weight."  Starr Indem. & Liab. Co., 324 F. Supp. 3d at 433.

### 2. The Convenience of the Witnesses

Cioni argues that the principal witnesses in this matter will be the parties themselves, that Defendant's decision makers are all located in Missouri, that Plaintiff is in bordering Illinois, and, thus, Missouri is a more convenient location for all involved. (See dkt. no. 14 at 9.)  Plaintiff asserts that New York is a more "convenient and economical" location for his lawyer, who is admitted in this state. (See dkt. no. 18 ¶ 7.)  However, counsel's preference is "irrelevant to the transfer analysis because [28 U.S.C.] § 1404 focuses on the convenience of parties and witnesses, not their lawyers."  Lopez de Paz v. Experian Info. Sols., Inc., 2025 WL 2710310, at *7 (S.D.N.Y. Sept. 19, 2025); see also Olympia Grp., Inc. v. Cooper Indus., Inc., 2001 WL 506219, at *2 (S.D.N.Y. May 14, 2001) ("[T]he convenience of the parties' lawyers is not relevant to the decision whether to transfer.").  Accordingly, counsel's preference receives zero weight in the Court's transfer analysis.

Plaintiff also asserts that he has customers in New York. (Dkt. no. 17 at 12.)  However, the relevant inquiry is whether there are any individuals who have mistakenly bought any of Defendant's allegedly infringing products in New York, not whether

8

Plaintiff has otherwise made sales here.  Indeed, Plaintiff has not challenged Defendant's assertion that it has not sold a single allegedly infringing product in New York in the past ten years. (See dkt. no. 15 at ¶ 18, dkt. no. 17 at 12.)  Thus, the Court finds that this factor weighs in favor of transfer.

### 3. The Location of Relevant Evidence

Plaintiff acknowledges that his documents are located in Illinois. (See dkt. no. 17 at 12.)  Moreover, a portion of evidence in this matter is likely to be tangible objects.  Indeed, Plaintiff's copyright is for three-dimensional sculptures.  (See dkt. no. 16-2 at 1-2.)  Moreover, Defendant's allegedly infringing products are also three-dimensional motorcycle parts and located in Missouri.  (See dkt. no. 14 at 8-9.)  Plaintiff is correct that "the location of relevant documents and relative ease of access to sources of proof, is not an important consideration in the age of instantaneous electronic communication and overnight shipping." Knowles-Carter v. Feyonce, Inc., 2017 WL 11567528, at *12 (S.D.N.Y. Sept. 23, 2017).  Nevertheless, given that the evidence in this matter revolves around tangible objects, the Court affords marginal weight in favor of transfer with respect to this factor.

### 4. The Convenience of Parties

"While transfer [of action on convenience of parties theory] is disfavored when it merely  shifts the inconvenience from one party to the other, it may be appropriate where inconvenience for

9

the party moving for transfer could be completely eliminated without substantially adding to the nonmoving party's inconvenience." JetBlue Airways Corp. v. Helferich Pat. Licensing, LLC, 960 F. Supp. 2d 383, 399 (E.D.N.Y. 2013) (cleaned up and citations omitted).  Here, transfer to Missouri would eliminate all inconvenience to Cioni without substantially inconveniencing Plaintiff. Although Plaintiff asserts that New York is a "more convenient" location, Plaintiff has already shown a willingness to travel approximately 900 miles from Moline, Illinois, (see dkt. no. 18 ¶¶ 5, 7), to this Courthouse in New York, New York, to prosecute his case.[1]  Transfer to Missouri—less than 300 miles from Moline—would substantially reduce Plaintiff's travel distance.  Moreover, that Plaintiff's counsel is not admitted in the Eastern District of Missouri, (see dkt. no. 17 at 13), is of little consequence as counsel is, without doubt, perfectly adept at the process of seeking admission pro hac vice in that district.  Accordingly, because transfer would eliminate the inconvenience to Cioni "without substantially adding to [the] nonmoving party's inconvenience," this factor favors transfer. JetBlue Airways Corp., 960 F. Supp. 2d at 399.

---

[1] The Court takes judicial notice of these distances. See 29 Am. Jur. 2d Evidence § 80 ("Courts may judicially note distances between towns").

## 5. The Locus of Operative Facts

"The locus of operative facts is a primary factor in determining whether to transfer venue.  The operative facts in infringement cases usually relate to the design, development and production of an infringing product."  Dow Jones & Co., Inc. v. Perplexity AI, Inc., 797 F. Supp. 3d 305, 336 (S.D.N.Y. 2025) (citation omitted) (collecting cases).  Here, Cioni's owner has declared that Defendant's employees made all decisions about the disputed products in Missouri and, conversely, Cioni has not sold any of those products in this district within the past ten years. (Dkt. no. 15 ¶¶ 10-12, 18-19.)  Plaintiff's assertion that he designed and developed his own products in Illinois, (dkt. no. 17 at 13), receives less weight as Plaintiff's designs are not the alleged "infringing product[s]."  Dow Jones & Co., Inc, 797 F. Supp. 3d at 336.  And Plaintiff's contention that Cioni's parts were developed in Taiwan, (dkt. no. 17 at 13), also receives little weight because the relevant decisions regarding the production of the allegedly infringing parts occurred in Missouri.  In short, because "all decisions relevant to the inventory parts at issue"

11

occurred in Missouri, (dkt. no. 15 ¶ 10), the locus of operative facts favors transfer.

### 6. The Availability of Process to Compel the Attendance of Unwilling Witnesses

This Court generally cannot issue a subpoena that would compel a non-party witness to travel more than 100 miles or out of state. See FED. R. CIV. P. 45(c)(1)(A),(B). In this instance, most relevant witnesses —— including "all of the Cioni witnesses" (dkt. no. 15 ¶ 11) —— reside within 100 miles of the Eastern District of Missouri and are, therefore, outside the subpoena power of the Southern District of New York. Thus, this factor weighs in favor of transfer. See Guardian Life Ins. Co. of Am., 724 F. Supp. 3d at 215.

### 7. The Relative Means of the Parties

"Where disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." Guardian Life Ins. Co. of Am., 724 F. Supp. 3d at 215–16. That is not the case here. While Plaintiff is indeed an individual, Defendant is not a large corporation. Rather, it consists of an owner, two managers "and a small number of sales and administrative employees." (Dkt. no. 15 ¶ 9.) Thus, this factor is neutral in the Court's analysis.

## 8. The Forum's Familiarity with the Governing Law

Plaintiff raises claims under federal copyright and trademark laws as well as similar claims under New York law.  (See dkt. no. 1 ¶¶ 35-94.)  Naturally, this Court and the Eastern District of Missouri are equally equipped to adjudicate the federal claims. As to the state law claims, "[a]lthough the complaint asserts claims of common law unfair competition which may require a transferee court to apply New York law, that possibility does not weigh heavily against transfer."  Schuur v. Walt Disney Co., 1998 WL 190321, at *4 (S.D.N.Y. Apr. 21, 1998) (Preska, J.) (citation omitted).  Indeed, as in Schuur, "this case does not appear to present any unusually complicated aspects of unfair competition law, and the parties have identified none."  Id. (citation omitted.)  Thus, this factor does not counsel against transfer.

## 9. Trial Efficiency and the Interest of Justice

"When a case is in its earliest stages, it is generally not inefficient to transfer the case."  Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc., 202 F. Supp. 3d 399, 411 (S.D.N.Y. 2016). This matter is still in its early stages, and transfer to Missouri would facilitate easier access to defense witnesses and materials. Thus, this factor weighs in favor of transfer.

### III. Conclusion

Ultimately, based on a balance of the above factors and in the interest of justice, the Court concludes that transfer is

13

clearly warranted.   Having so determined, the Court need not resolve Defendant's motion to dismiss.   See Labyrinth, Inc. v. Canadian Imperial Bank of Com., 2025 WL 1784967, at *5 (S.D.N.Y. June 27, 2025).

The Clerk of the Court shall transfer this action to the Eastern District of Missouri and close docket number 13.

**SO ORDERED.**

Dated:     March 9, 2026
           New York, New York

LORETTA A. PRESKA
Senior United States District Judge